IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Baorong Lum, *et al.*,                                      Case No. 3:05CV7191

        Plaintiff

v.                                                                             ORDER

Mercedes Benz, USA, LLC, *et al.*,

        Defendants

This is a products liability case. Plaintiffs Baorong and Kend Lum seek damages for injuries Ms. Lum allegedly suffered from a defective air bag. Jurisdiction exists pursuant to 28 U.S.C. § 1332.

Pending is defendant Bayern-Chemie, GmbH's ("Bayern") motion to dismiss all claims against it for lack of personal jurisdiction. For the following reasons, that motion will be granted.

**Background**

On June 25, 2002, while driving her 1991 Mercedes Benz 190E, Lum was involved in a head-on automobile accident. Upon collision, the car's air bag inflated. Lum contends that while inflating, and as a result of a design defect, the air bag spewed hot slag onto her hand, causing her serious injury. Plaintiff alleges defendant Bayern designed, manufactured, and sold the vehicle's air bag system and is, therefore, liable for her injuries.

Bayern is a German-French company with its principal place of business in Germany. Among other things, the company manufactures air bag systems for Mercedes Benz. Bayern has no office, agency, or representative in Ohio. It is not licensed, qualified, or authorized to do business

in Ohio. It does not advertise or solicit business in Ohio. It has no bank account, physical plant, or assets in Ohio.

Bayern does, however, manufacture components for cars destined for sale in the United States. It is on this basis, Lum contends, Bayern is subject to personal jurisdiction.

## Discussion

Because this Court's subject matter jurisdiction is based on diversity of citizenship, the substantive law of Ohio governs the issue of personal jurisdiction. *Welsh v. Gibbs*, 631 F.2d 436, 440 (6th Cir. 1980).

In Ohio, personal jurisdiction is proper if: 1) the state long arm statute authorizes jurisdiction; and 2) the exercise of jurisdiction is consistent with the due process requirements of the United States Constitution. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). On a motion to dismiss, the plaintiff bears the burden to establish a prima facie case with respect to both elements. *Nationwide Mut. Ins. Co. v. Tryg Int'l Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996).

### 1. Ohio's Long Arm Statute

The Ohio law provides for personal jurisdiction where a person or corporation commits an act or omission, or breaches a warranty, outside of Ohio that causes injury within the state, provided the alleged tortfeasor "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in th[e] state." O.R.C. § 2307.382(A)(4-5).

Plaintiffs allege Bayern negligently designed and manufactured the air bag in question, causing injury in Ohio. In addition, Lum contends Bayern derives substantial revenue from air bag systems it sells to Mercedes Benz for use in the United States and more specifically, for use in Ohio. Thus, personal jurisdiction here is consistent with the Ohio statute.

**2. Due Process Requirements**

Although Ohio has, through its long arm statute, sought to exercise jurisdiction over Bayern, its effort to do so must comport with the requirements of due process. To meet the requirements of the Due Process Clause of the Fourteenth Amendment, 1) the defendant must have minimum contacts with the forum state; and 2) the exercise of personal jurisdiction must be consistent with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945).

Such minimum contacts may legitimize either: 1) general personal jurisdiction; or 2) specific personal jurisdiction. *Irizarry v. East Longitude Trading Co.*, 296 F. Supp. 2d 862, 864-65 (N.D.Ohio 2003).

A court has general personal jurisdiction over a defendant if that party maintains "continuous and systematic" contacts with a forum state. *Helicoperos Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984). Because Bayern maintains no presence in Ohio, physical, corporate, financial, or otherwise, Ohio cannot exercise general personal jurisdiction over this defendant.

Specific personal jurisdiction arises from a defendant's conduct vis-a-vis the forum state relative to the particular cause of action. This jurisdiction exists where: 1) the defendant purposefully avails itself of the privilege of acting in the forum state or causing a consequence in the forum state; 2) the cause of action arises from the defendant's activities; and 3) the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *S. Mach. Comp. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

To determine whether a defendant has purposefully availed itself of the privilege of acting in a forum state, the Sixth Circuit uses the "stream of commerce plus" approach. *Bridgeport Music,*

*Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 480 (6th Cir. 2003). Under that analysis, mere "placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state." *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 112 (1987).

To be subjected to the court's jurisdiction, the defendant must have engaged in additional conduct which shows an intent to serve the forum state's market. *Id.* Such conduct might include: designing the product for the forum state's market, establishing channels for providing regular advice to the forum state's customers, or marketing through a distributor agreeing to serve as a sales agent in the forum state. *Id.* That additional conduct must be directed to the particular forum state; conduct directed to the United States market in general is insufficient to satisfy due process requirements. *Donnelly Corp. v. Reitter & Schefenacker GmbH & Co.*, 189 F. Supp. 2d 696, 708 (W.D.Mich. 2002) (citing *Asahi*, 480 U.S. at 112).

Bayern has engaged in no such additional conduct. While Bayern doubtlessly foresaw its products would end up in Ohio, Lum has not alleged or presented evidence that Bayern directed its products specifically to this state's market. Consequently, Bayern has not purposefully availed itself of the privileges of doing business in Ohio. Because personal jurisdiction does not exist on that basis alone, I do not reach the second or third prongs of the analysis.[1]

**Conclusion**

---

[1] The requirement that a defendant's "additional conduct" direct a product to a particular forum state would seem to lead to a troubling result in this particular case. Here, it would appear Bayern designed its product to meet U.S. market specifications and has availed itself of U.S. patent law's protection. (See U.S. Patent No. 5,009,855, filed October 17, 1989, and approved April 23, 1991.). Nevertheless, because these actions are directed towards the United States in general and not any particular state, Bayern is not subject to personal jurisdiction in a products liability action anywhere in the country.

Because Bayern is not subject to personal jurisdiction, defendant's motion to dismiss will be granted.

In light of the foregoing, it is

ORDERED THAT:

Bayern's motion to dismiss plaintiff's claims against it shall be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge