IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Baorong Lum, *et al.*,  Case No. 3:05CV7191

      Plaintiff,

v.  ORDER

Mercedes Benz USA, L.L.C., *et al.*,

      Defendant.

This is a diversity personal injury action arising from a collision in which the plaintiff driver was injured after the airbag in her Mercedes Benz automobile deployed. She suffered third degree burns to her hand and had a portion of an index finger amputated. In addition, her husband sues for loss of consortium.

Plaintiffs' original complaint asserted products liability claims (i.e., defective design and manufacturing and failure to warn) for compensatory damages. Plaintiffs voluntarily dismissed the complaint shortly after it was filed.

Within the one year period for refiling permitted under Ohio's "savings statute," O.R.C. § 2305.19, plaintiffs filed their second complaint. In addition to repeating the allegations of the original complaint, plaintiffs added a new allegation: namely, that the defendants had acted in "flagrant disregard" for the plaintiff wife's safety. The refiled complaint also sought punitive damages in addition to the compensatory damages demanded in the original complaint.

Pending is defendant Mercedes Benz's motion for partial summary judgment: the defendant seeks to have the punitive damage claim dismissed.

For the reasons that follow, the defendant's motion shall be granted.

**Discussion**

The savings statute permits a suit to be refiled after it has been voluntarily dismissed within one year of the dismissal. The subsequently filed complaint cannot, however, contain claims that would be barred under the statute of limitations. The test for determining whether claims in a refiled complaint are barred by the statute of limitations is whether the original and refiled complaints are "substantially the same." *Children's Hosp. v. Ohio Dep't. of Pub. Welfare*, 69 Ohio St.2d 523, 525 (1982).

> Determining if the original and refiled complaints are substantially the same:
>
> does not always depend on whether the original action set forth the same legal theories as those asserted in the new complaint. Instead, the question largely turns on whether the original complaint and the new complaint contain similar factual allegations so that it can reasonably be said that the party or parties were put on fair notice of the type of claims that could be asserted . . . .
>   Thus, when a new complaint contains factual allegations that were not alleged in the original complaint, and further contains a new theory of relief based on the new factual allegations, the savings statute will not apply.

*Lanthorn v. The Cincinnati Ins. Co.*, 2002 Ohio 6798, 2002 WL 31768796, *4 (Ohio App.).

In *Children's Hospital*, the court concluded the complaints were not substantially the same because the refiled complaint added both new parties and new claims. 69 Ohio St. 3d at 525. The plaintiffs in this case argue, in view of the reference in *Children's Hospital* to new parties as well as different relief, that a refiled complaint is not substantially the same as an original complaint only where the new complaint includes *both* new parties *and* new relief.

I disagree, as other courts have found that refiled complaints were not substantially the same where the parties remained the same, but the relief sought differed in the two complaints. *See, e.g.,*

*Day v. NLO, Inc.*, 798 F.Supp. 1322, 1328-29 (S.D. Ohio 1992).[1] Thus, I am persuaded that the addition of new parties in *Children's Hospital* was a circumstance supporting the conclusion that the complaints were not substantially the same, not a *sine qua non* for such conclusion.

Thus, the question in this case is whether adding a claim for punitive damages, plus correlative underlying factual allegations, constitutes a demand for new "relief," as that term is used in *Children's Hospital* and related cases. Answering this question calls for consideration of the nature of a demand for punitive damages in Ohio.

To recover punitive damages, the plaintiffs must prove by clear and convincing evidence that the injuries resulted from the defendant's "flagrant disregard of the safety of person who might be harmed by the product in question." O.R.C. § 2307.80.

As noted, plaintiffs' original complaint did not allege such flagrant disregard for safety. This allegation is, however, a prerequisite to asking a jury to return a verdict for punitive damages:

> Punitive damages need not be specially pleaded or claimed. However, the plaintiff must allege facts in the complaint from which the essential element of malice may be inferred. If the plaintiff's complaint does not allege such facts, the plaintiff must amend his or her complaint to allege facts supporting an inference of malice.
> In the instant case, Appellants requested an award for punitive damages in their complaint; however, they failed to allege facts to support an inference of malice to justify an award of punitive damages. As such, Appellants were required to amend their complaint to allege such facts to support an inference of malice. Consequently, the trial court did not abuse its discretion in denying Appellants the opportunity to present evidence regarding malice as Appellants did not properly allege facts in their complaint to permit such an inquiry.

---

[1] Indeed, a refiled complaint may be substantially the same as an original complaint even where the designation of the parties differs. *See Cox v. Ohio Parole Comm'n*, 31 Ohio App.3d 216, 217-18 (Ohio App.1986) (original complaint named individual members of Parole Commission; refiled complaint named the Commission).

*Bell v. Joecken*, 2002 WL 533399, *1 (Ohio App.) (citations omitted).[2]

In addition to Ohio courts, the General Assembly also requires a plaintiff seeking punitive damages in a product liability suit to allege more than the elements of a strict liability claim for solely compensatory damages. With regard to a claim for punitive damages, O.R.C. §2307.80(A) specifically states: "[t]he fact by itself that a product is defective does not establish a flagrant disregard of the safety of persons who might be harmed by the product in question."

Similarly, § 3(A)(6)(c) of the Legislative Notes to O.R.C. § 2315.21 indicates that "evidence that juries may consider in awarding pain and suffering damages for these types of injuries is different from evidence courts may consider for punitive damages." If the evidence to establish liability for punitive damages differs from that needed for compensatory damages, it follows necessarily that additional facts must likewise be proved [and plead beforehand] before punitive damages can be awarded.

The plaintiffs, therefore, could not have asked for punitive damages on the basis of the allegations of the original complaint. They had, rather, to allege additional facts – as they did in the refiled complaint, when they alleged flagrant disregard for safety – to be able to seek punitive damages.

Plaintiffs contend that the new allegation about flagrant disregard for safety is simply a legal conclusion, rather than a factual allegation. If that were so, then the demand for punitive damages would have to be stricken on the basis of a want of underlying factual allegations.

---

[2] *See also Convention Ctr. Inn, Ltd. v. Dow Chemical Co.* 19 Ohio Misc.2d 15 (Ohio Com. Pl.1984) (Syllabus ¶ 1) ("A claim for punitive damages must be dismissed if the complaint fails to allege facts from which the essential element of 'actual malice' may be inferred.").

Because plaintiffs had to allege new facts – flagrant disregard for safety – to present a claim for punitive damages, their refiled complaint is, as Ohio law uses the term "substantially the same," not substantially the same as their original complaint. Their demand for punitive damages did not simply reformulate their lawsuit: it reconfigured it in a way that could not have been anticipated from a reading of their original complaint.

Ohio's savings statute does not, therefore, operate to allow plaintiffs to seek punitive damages, because the plaintiffs first asserted that new claim for additional relief, and its underlying factual basis, after the statute of limitations had expired.

## Conclusion

In light of the foregoing, it is

ORDERED THAT defendant's motion for partial summary judgment be, and the same hereby is granted.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge