IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAORONG LUM, et. al.,                              3:05CV7191

      Plaintiffs,

v.                                                 ORDER

MERCEDES BENZ, USA, L.L.C., et. al.

      Defendants.


This is a products liability case. Plaintiffs Baorong Lum and her husband, Kend Lum, sought damages as a result of severe and permanent injuries Mrs. Lum allegedly suffered due to a malfunctioning airbag. The vehicle was owned by plaintiffs and distributed by defendant Mercedes-Benz USA [MBUSA]. Jurisdiction arises under 28 U.S.C. § 1332.

MBUSA imports and wholesales Mercedes-Benz cars in the United States. It is located in Montvale, New Jersey. Defendant Takata Petri, Inc.[1] is a subsidiary of Takata Corporation, Tokyo, an international producer of occupant safety systems for automobiles.

Pending are plaintiffs' motion for voluntary dismissal with prejudice and MBUSA's motion for summary judgment with respect to the allegation that it failed to warn potential users of the defective airbag system. In response to the Lums' motion, MBUSA contends it is entitled to a

---

[1] The Lums' complaint associated Takata Petri, Inc. with the following names: Petri AG, Bayern-Chemik, GmbH, and XYZ Corporation. For purposes of this order, Takata Petri, Inc. will be referred to as Takata Petri, Inc.

1

mandatory award of costs. For the reasons that follow, the Lums' motion for voluntary dismissal without prejudice is granted, MBUSA's motion for summary judgement is rendered moot, and MBUSA's request for an award of costs is granted pursuant to Fed. R. Civ. P. Rule 54(d).

## Background

On June 25, 2002, Mrs. Lum, while operating a 1991 Mercedes Benz 190E, was involved in a head-on collision. MBUSA distributed the 190E, which contained an airbag system allegedly designed, manufactured, and sold by Takata Petri. The collision caused the airbag to deploy, which allegedly caused third degree burns to and permanant impairment of Mrs. Lum's hand.

Plaintiffs contend: 1) that defects in the design and manufacture of the airbag caused Mrs. Lum's injuries; and 2) Mr. Lum has sustained a loss of consortium. Defendants deny any defects in design or manufacture of the airbag or the warnings associated with its use.

## Discussion

### 1. Plaintiffs' Motion to Dismiss

The first issue is whether the Lums' motion for voluntary dismissal with prejudice should be granted. "It is generally considered an abuse of discretion for a court to deny a plaintiff's request for voluntary dismissal with prejudice." *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 852 (W.D. Mich. 2007) (citing *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964)). Accordingly, the Lums' motion will be granted.[2] The issue of costs is addressed below.

### 2. Costs

---

[2] In light of the Court's decision to grant the Lums' motion for voluntary dismissal with prejudice, MBUSA's motion for summary judgment is moot and will be denied.

The second issue is whether MBUSA should be awarded costs as either: 1) a condition of granting the Lums' motion for voluntary dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(2); or 2) a prevailing party under Fed. R. Civ. P. 54(d). Rule 41 governs voluntary dismissals. Since the Lums filed a motion to voluntarily dismiss in this case, Rule 41(a)(2) is applicable. A plaintiff's voluntary dismissal with prejudice does not render Rule 54(d) applicable as the non-moving litigant is not a "prevailing party". Fed. R. Civ. P. 54(d); *Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836, 837 (M.D. Tenn. 2004).

### A. Fed. R. Civ. P. 41(a)(2)

Rule 41(a)(2) of the Federal Rules of Civil Procedure states that "an action shall not be dismissed at the plaintiff's instance save upon . . . such terms and conditions as the court deems proper." Rule 41(a)(2) is "a discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal 'as the court deems proper.'" *Bridgeport Music v. Universal-Mca Music Publ.*, 481 F.3d 926, 931 (6th Cir. 2007) (quoting Fed. Rule Civ. P. 41(a)(2)). In exercising its discretion under Rule 41(a)(2), "the district court must provide some indication as to why it exercised its discretion as it did." *Universal-Mca Music Publ.*, 481 F.3d at 931.

Where plaintiffs move to dismiss voluntarily *without* prejudice pursuant to Rule 41(a)(2), courts commonly award costs and attorney fees to defendants. *Spar Gas, Inc. v. AP Propane, Inc.*, 1992 WL 172129, at *3 (6th Cir. July 22, 1992) (citing *Smoot v. Fox*, 353 F.2d 830 (6th Cir.1965)).

On the other hand, attorney fees and expenses are generally not awarded where plaintiffs move to voluntarily dismiss *with* prejudice. *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 852 (W.D. Mich. 2007) (citations omitted). Many courts have acknowledged, however, that

3

costs or attorney fees may be appropriate pursuant to some independent statutory authority. *Id.* at 852-53 (citations omitted). Other courts have found that exceptional circumstances may justify an award of costs. *Id.* at 853 (citations omitted). An example of an exceptional circumstance is where a litigant repeatedly brings claims and then voluntarily dismisses them with prejudice, thus inflicting significant costs on the opposing party and the courts. *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).

The Sixth Circuit in *Smoot v. Fox,* 353 F.2d 830 (6th Cir. 1965), explained the with/without prejudice distinction:

> The reasoning behind the rule where the action is dismissed without prejudice is to compensate the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum. . . . A dismissal with prejudice, however, finally terminates the cause and the defendant cannot be made to defend again."

*Id.* at 833.

Here, MBUSA asks this court to award it costs as a condition of granting plaintiffs' motion for voluntarily dismissal. Doing so would contradict the widely held view that costs are not appropriate where the voluntary dismissal is with prejudice. MBUSA will not face a future lawsuit by the Lums on this matter and thus will not be forced to defend itself again. MBUSA has not presented any independent statutory authority that entitles it to an award of costs. Finally, no "exceptional circumstances," such as those described in *Aerotech, Inc.*, are present.

The cases cited by MBUSA involve voluntary dismissals without prejudice and are therefore unpersuasive. *Taragan v. Eli Lilly & Co.*, 838 F.2d 1337, 1338 (M.D. Fla. 2000); *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 202 (N.D. Tex. 1988); *Massey v. City of Ferndale*, No. 96-1386, 1997 WL 330652, at *1 (6th Cir. June 16, 1997).

Therefore, costs shall not be awarded to MBUSA as a condition of voluntary dismissal under Rule 41(a)(2).

## B. Fed. R. Civ. P. 54(d)

Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). A party seeking to collect costs under Rule 54(d) must prove 1) it is a "prevailing party;" and 2) weighing the Rule 54(d) factors set forth by the Sixth Circuit, it is entitled to an award of costs.

### 1. "Prevailing Party"

The Sixth Circuit has not rendered a published opinion on whether a grant of a plaintiff's motion for voluntary dismissal with prejudice makes the defendant a "prevailing party" under Rule 54(d). *London Music*, *supra,* 345 F. Supp. 2d at 840.

Other courts have held that a "plaintiff's voluntary dismissal of his action makes the defendant a prevailing party entitled to costs and fees." *Uniflow Mfg. Co. v. Superflow Mfg. Corp.*, 10 F.R.D. 589 (N.D. Ohio 1950); *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997); *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). The Supreme Court's recent decision in *Buckhannon Board and Care Home v. West Va. Dept. of Health and Human Resources*, 532 U.S. 598 (2001) undermines these decisions.[3]

---

[3]

As explained in *London Music*, *supra,* 345 F. Supp. 2d at 838-40, the reasoning underlying recent Sixth Circuit decisions finding that a party in MBUSA's position is a prevailing party is suspect.

In *United States v. Estate of Rogers*, 2003 WL 21212749, 5 (E.D.Tenn. 2003)*,* the court found that a defendant, against whom a case was voluntarily dismissed with prejudice, was a prevailing party and was due attorneys' fees. The court emphasized the practical effects of a voluntary dismissal with prejudice and discounted the legal effects of such. *See id.* ("voluntary dismissal is a judicially

In *Buckhannon*, the Supreme Court affirmed the lower court's denial of attorney's fees to plaintiffs after the state legislature eliminated the challenged provision. *Id.* at 600. The Court explained that a prevailing party is one who has been awarded some relief by the court, by virtue of a judgment on the merits or court-ordered consent decree, effecting a material alteration of the relationship of the parties. *Id.* at 603-04. The court continued:

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties.

*Id.* at 605.

Accordingly, the appropriate focus, *post-Buckhannon*, is on "the nature and judicial involvement in the outcome, rather than its practical effects. . ." *London Music*, *supra,* 345 F. Supp. 2d at 839.

---

sanctioned material alteration in the legal relationship between Alpha and plaintiff"). A focus on only the practical effects of a dismissal with prejudice would lead to gross inconsistencies. *See London Music*, *supra*, 345 F. Supp. 2d at 839. Parties regularly terminate litigation as a result of private settlements by which the plaintiffs extract large monetary settlements from the defendants. *Id.* It is clear, however, that these settlements do not confer prevailing party status. *See Buckhannon*, 532 U.S. at 604 ("private settlements do not entail judicial supervision and oversight").

The Sixth Circuit, likewise, though it affirmed the lower court in *Rogers*, refused to adopt the court's finding that the non-moving litigant was a prevailing party. *See United States v. Alpha Medical, Inc.*, 2004 WL 954042 (6th Cir.) (refusing to decide whether a voluntary dismissal with prejudice makes the non-moving party a prevailing party).

Similarly, while two of the three judges in *Roane v. City of Mansfield*, 2000 WL 1276745 (6th Cir.), found that a party in MBUSA's position was a prevailing party, *Toms v. Taft*, 338 F.3d 519 (6th Cir. 2003), draws into question the legitimacy of those decisions. In *Toms*, where the parties settled after a conference with the judge, the court refused to grant attorney's fees because "only enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Id.* at 528-29.

While *Buckhannon*, *supra,* 532 U.S. at 630, limited its decision to attorney's fees, courts in the Sixth Circuit have used its reasoning when deciding whether to award costs. In *London Music*, *supra,* 345 F. Supp. 2d at 837, the court adopted the reasoning of *Buckhannon*, finding that a party against whom a suit had been voluntarily dismissed with prejudice was not a prevailing party for purposes of awarding attorney's fees and costs.

Accordingly, I adopt the view of *Buckhannon* and *London Music*. Because I did not determine or oversee the dismissal, MBUSA is not a prevailing party for the purposes of obtaining costs under Rule 54(d)(1).

**Conclusion**

For the foregoing reasons, it is hereby

ORDERED THAT:

1. Baorong and Kend Lum's motion for voluntary dismissal with prejudice shall be, and the same hereby is, granted.

2. MBUSA's motion for summary judgment shall be, and the same hereby is, denied as moot; and

3. MBUSA demand for costs shall be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
